IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENT LEBLANC, *Individually and*
*on behalf of all others similarly situated,*

    Plaintiff,

v.                                                       Civ. No. 17-0718 KG-GJF

HALLIBURTON COMPANY,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER OF CONDITIONAL CERTIFICATION</u>

    This matter comes before the Court upon Plaintiff Brent LeBlanc's Motion for Conditional Certification (Motion), filed January 2, 2018.  (Doc. 27).  Defendant Halliburton Company (Halliburton) responded on February 2, 2018, and LeBlanc filed his reply on February 13, 2018.  (Docs. 34 and 35).  The Court having reviewed the complaint, the briefs, and corresponding declarations, finds the Motion is supported by law and, therefore, it will be GRANTED.

*Discussion*

    *1.  Background*

    LeBlanc, a directional driller, brings this lawsuit against Halliburton to recover unpaid overtime wages as well as other damages provided under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., and under the New Mexico Minimum Wage Act (NMMWA), NMSA 1978, § 50-4-19, *et seq*. LeBlanc alleges Halliburton is an oil and gas exploration and production company, and that it operates worldwide, including in the United States and New Mexico.  As part of this business, Halliburton employs oilfield personnel.  LeBlanc further

alleges he and other Halliburton directional drillers (DDs) typically work a scheduled 12-hour shift, seven (7) days per week, and for weeks at a time. LeBlanc also alleges he and these other workers never receive overtime compensation for the hours they work in excess of the 40 hours for a single work week. LeBlanc further alleges that instead of paying overtime wages as otherwise required under the FLSA and NMMWA, Halliburton pays these workers a daily rate with no overtime paid to them, and that it improperly classified these workers as independent contractors. LeBlanc and the proposed class seek unpaid overtime wages and other damages. (Doc. 1) at ¶¶ 1-5. LeBlanc proposes the FLSA class be defined as **"All current and former Directional Drillers employed by, or working on behalf of, Halliburton Company in the United States in the past three years who were classified as independent contractors and paid a day rate.**" (Doc. 1) at 2.

In the instant Motion, LeBlanc argues Halliburton misclassified its DDs as independent contractors in order to avoid paying them overtime wages. LeBlanc, therefore, seeks to allow his co-workers (DDs) to receive notice of this collective action and to stop the statute of limitations from running on their back-wage claims. (Doc. 27) at 1. LeBlanc asserts "Directional drillers' main job duties are to deploy and steer drills underground to reach formation containing oil, gas, water, and condensate." *Id.* LeBlanc also asserts DDs "work well in excess of 40 hours per week, and often are required to work around the clock to fix problems arising during drilling. They also had to remain on call 24 hours during their entire hitches." *Id.* (citation omitted). LeBlanc further asserts Halliburton, nevertheless, pays its DDs a day rate with no overtime pay and, as a result, DDs share a common employment experience. *Id.*

Additionally, LeBlanc asserts Halliburton controlled all aspects of the DDs work, noting, for example, that Halliburton assigned the DDs to specific rigs and determined the work hours,

2

assigned day rates to the DDs, adjusted the day rates with no notice, and controlled the hiring process, switching DDs from employee to independent contractor status. LeBlanc asserts DDs "were not allowed to work for any other companies because they were always on call and had to be ready to be called out to a rig at any time." *Id*. at 2.

Halliburton responds in opposition, arguing LeBlanc's Motion to conditionally certify the proposed class should be denied, and asserting LeBlanc has failed to make a substantial showing to support the Motion by only including "boilerplate declarations containing nothing more than unsupported and cursory allegations," and declarations "silent on material details, such as how they were paid, locations where they worked, specific sites where they worked, specific duties and responsibilities they performed and supervisor details, in order to show that they are, in fact, similarly situated." (Doc. 34) at 1. Halliburton also argues

> LeBlanc has made no substantial allegations of sufficient similarity to warrant conditional certification. His and Briggs' Declarations lack any specificity regarding how they were paid, whom they worked for, and where they were located, among other details []. Indeed, they fail to make these allegations because <u>the facts do not support a showing of similarity</u> –LeBlanc and Briggs were paid through different entities (LeBlanc even had his own consulting firm), worked for the Upstream entities at different times in different capacities, and worked in different locations for different clients."

*Id*. at 6-7.

  *2. FLSA Section 216(b)*

FLSA Section 216(b) includes a provision allowing employees to maintain a class action for overtime pay on their own behalf or on behalf of other workers. This section provides that any employer violating the minimum wage or maximum hours section of this statute "shall be liable to the employee or employees affected in the amount of the unpaid minimum wages or their unpaid overtime compensation," and any additional damages. 29 U.S.C. § 216(b). It further provides that an action on liability "may be maintained in any court of competent

3

jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*." *Id*. (emphasis added).  The term "similarly situated" is not defined in the statute.  Additionally, the section contains an opt-in provision stating, "No employee shall be a party to any such action unless he gives his consent in writing." *Id.*

The Court has discretion to determine whether to authorize class certification and the notice provisions in Section 216(b).  To make this determination, courts in the Tenth Circuit apply a two-tiered, *ad hoc* methodology to determine when certification is proper.  *See Theissen v. General Electric Capital Corp*., 267 F.3d 1095 (10th Cir. 2001).  In the first tier, or notice stage, to show that employees are similarly situated courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (citation omitted).  I agree with the Honorable Judith Herrera's more recent application of this standard and her view that although the requirement is that the allegations be substantial, the standard is fairly lenient at this stage.  *See Medrano v. Flower Foods*, *et al*., 2017WL 3052493 *3 (D.N.M.).

Based on my review of the complaint, the briefing on the instant Motion and corresponding declarations, and the applicable law, I find LeBlanc has made substantial allegations that the putative class members are similarly situated.

As to Halliburton's arguments in opposition, I agree with LeBlanc that the arguments apply more to a merits-based determination, which is a more strict evidence-based determination and, at this conditional certification stage, are premature.

The parties shall meet and confer as to the contents of the notice of lawsuit to putative class members and the manner by which to distribute such notice.  The parties shall submit the

4

stipulated or disputed notice of lawsuit no later than 5:00 p.m., August 27, 2018.  The Court will enter an order in due course relating to the parties' submission(s).

IT IS, THEREFORE, ORDERED that

1. LeBlanc's Motion for Conditional Certification (Doc. 27) is GRANTED;

2. the following class is conditionally certified:

> Directional drillers employed by, or working on behalf of, Halliburton Company as independent contractors any time between three years prior to the date of this Memorandum and Order of Conditional Certification, and the present.

3. ten days from the order approving the notice of the lawsuit to potential class members, Halliburton will provide to LeBlanc's counsel in Excel (.xlsx) format the following information regarding all putative class members:

full name;

last known address(es) with city, state, and zip code;

last known e-mail address(es) (non-company address if applicable);

last known telephone number(s);

beginning date(s) of employment; and

ending date(s) of employment (if applicable);

4. twenty days from the order approving the notice of the lawsuit to potential class members, LeBlanc's counsel will send a copy of the Court-approved Notice and Consent Form to the putative class members by first class U.S. mail and by e-mail.  Halliburton is required to post the Notice and Consent Forms on all jobsites for sixty days in an open and obvious location. LeBlanc's counsel may follow-up the mailed Notice and Consent Forms with contact by telephone of former employees or those putative class members whose mailed or e-mailed contact information is not valid;

5. putative class members will have sixty days from the mailing of the Notice and Consent Forms to return their signed Consent Forms to LeBlanc's counsel for filing with the Court. Halliburton may remove the posted Notice and Consent Forms at that time; and

6. twenty days from the mailing of the Notice and Consent Forms to potential class members, LeBlanc's counsel is authorized to mail by first class U.S. mail and e-mail a second, identical copy of the Notice and Consent Form to the putative class members reminding them of the deadline for the submission of the Consent Forms.

_____
UNITED STATES DISTRICT JUDGE