# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRENT LEBLANC, *Individually and*
*on behalf of all others similarly situated*,

    Plaintiff,

v.                                                 Civ. No. 17-0718 KG/GJF

HALLIBURTON COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER APPROVING NOTICE

This matter comes before the Court upon Plaintiff Brent LeBlanc's (LeBlanc's) Notice of Filing Proposed Notice Documents (Notice) filed August 29, 2018 (Doc. 54), and Defendant Halliburton Company's (Halliburton's) Motion to Approve Notice (Motion) filed on the same day (Doc. 55). The two filings relate that the parties have failed to agree on a form of notice. (Doc. 54) at 1, (Doc. 55) at 1-2. Having read the parties' submissions, the Court finds the following form of notice to be appropriate and ORDERS it to be distributed to putative class members pursuant to the timeline previously ordered. (Doc. 51) at 5-6.

*1.    Background*

On August 21, 2018, the Court granted LeBlanc's Motion for Conditional Certification, and certified a class comprised of the following:

> Directional drillers employed by, or working on behalf of, Halliburton Company as independent contractors any time between three years prior to the date of this Memorandum and Order of Conditional Certification, and the present.

*Id.* at 5. The Court ordered the parties to "meet and confer as to the contents of the notice of

lawsuit to putative class members and the manner by which to distribute such notice." *Id.* at 4. The Court further ordered the parties to submit either a stipulated notice or their disputed notices no later than August 27, 2018. *Id.* at 4-5. The parties failed to agree on a stipulated form of notice, despite being granted additional time by the Court to do so. (Doc. 53). Rather, the parties have submitted dueling forms of notice to the Court bereft of rationale on why they differ. Therefore, pursuant to the discretion that inheres in this Court to formulate class notice, the Court has resolved the differences between the parties and now approves the form set forth *infra*.

    *2.    Notice Standard*

The FLSA's provisions "are remedial and humanitarian in purpose." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944). To join as a plaintiff in an action to recover unpaid wages, similarly-situated employees must consent in writing. 29 U.S.C. § 216(b). Accordingly, counsel representing parties in FLSA actions send prospective class members notices to inform them about the lawsuit. Employees must receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). District courts have discretion to approve the content of FLSA class notices. *Id.* (interpreting FLSA provisions to determine notice procedures under the Age Discrimination in Employment Act).

    *3.    LeBlanc's Notice*

In his Notice, LeBlanc attaches three separate groups of documents, which, when considered as a whole, offer the Court its only insight into the parties' negotiations and remaining disputes. (Doc. 54), exs. A-C. These groups consist of: (1) Halliburton's proposed

notice documents; (2) a "redlined" version of LeBlanc's proposed notice that incorporates "some, but not all," of Halliburton's proposed changes to LeBlanc's proposed notice; and (3) LeBlanc's proposed final notice documents, including the changes proposed by Halliburton that LeBlanc accepted. *Id.* at 1, exs. A-C.

### 4. *Halliburton's Notice*

Halliburton adopts a different approach. It states that the parties "have been actively working to agree on language . . . [but] have not been able to reach an agreement at the time of filing." (Doc. 55) at 1. Halliburton neither explains the parties' negotiations, nor memorializes their agreements or disagreements. Rather, it simply asks this Court to accept its proposed documents, which it attaches in its three component parts: notice, consent, and email forms. (Doc. 55), exs. A-C. Notably, Halliburton's notice form is the same that LeBlanc attaches as his exhibit A. (Doc. 54), ex. A, (Doc. 55), ex. A.

### 5. *Court-Approved Form of Notice*

The Court is thus presented with two proposed forms of notice. The first, by LeBlanc, evinces negotiations and concessions made between the parties. The second, by Halliburton, contains language unimproved by the negotiation process. Naturally, the Court is inclined toward the document leavened by the course of compromise. Furthermore, having reviewed both groups of documents in detail, the Court finds that LeBlanc's proposed consent form and email form to be in good order and HEREBY ADOPTS them as the Court-approved consent and email forms in this case. LeBlanc's notice form is also ADOPTED IN PART, subject to the modifications below.

*a.     Notice of costs*

Halliburton advocates placing a proviso in the class notice advising putative plaintiffs that "[i]f you join this Lawsuit and Mr. LeBlanc loses the case, you will receive nothing, but you could have to pay some costs and expenses of litigation (depending on your retainer agreement with your attorney), but you would not be responsible for Halliburton's attorneys' fees." (Doc. 55), ex. A at 2. LeBlanc proposes to inform putative plaintiffs that "[i]f this case is not successful, you will receive nothing and you will not be responsible for any [ ] case costs, expenses, or attorneys' fees (barring exceptional circumstances such as you being sanctioned for engaging in misconduct during the case)." (Doc. 54), ex. C at 2-3. Although not entirely congruous, these statements are easily harmonized by looking to a recent case from this district.

In *Saenz*, counsel also disagreed on cost language. *Saenz v. Rod's Production Services, LLC et al.*, Civ. No. 2:14-cv-525-RB/GBW (D.N.M. filed Jun. 2, 2014) (unpublished). There, U.S. District Judge Robert C. Brack opined that "[i]n the Tenth Circuit, courts regularly include a notice that plaintiffs may have to pay court costs if they do not prevail." Order, Mar. 6, 2015, at 4-5, ECF No. 72 (citing *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-KHV, 2009 WL 2058734, at *3-4 (D. Kan. July 15, 2009) (unpublished); *Wass v. NPC Int'l Inc.*, No. 09-2254-JWL, 2011 WL 1118774, at *8 (D. Kan. Mar. 28, 2011) (unpublished)). Accordingly, Judge Brack ordered the plaintiff in *Saenz* to insert the following language into his class notice:

> If you choose to join this lawsuit, you will be bound by any judgment, favorable or unfavorable, on any claim you may have under the FLSA. If you win, you may be eligible to share in the monetary award, including overtime wages and liquidated damages. If you lose, no money will be awarded, and you will not be able to file another lawsuit regarding the matters raised in this lawsuit. Also, if plaintiffs lose, they could be responsible for paying court costs and expenses.

4

*Id.* at 5. Because Judge Brack's approach reasonably notified the class members of both the promise and peril of opting into the lawsuit, the Court finds it appropriate here, and ORDERS LeBlanc to amend the first paragraph of its section 4, entitled "Effect of making a claim for unpaid wages" to read as follows:

> If you return a Consent to Join Wage Claim form, you will join other directional drillers who worked for Halliburton and have already made a claim for unpaid overtime wages. If you choose to join this lawsuit, you will be bound by any judgment, favorable or unfavorable, on any claim you may have under the FLSA. If you win, you may be eligible to share in the monetary award, including overtime wages and liquidated damages. If you lose, no money will be awarded, and you will not be able to file another lawsuit regarding the matters raised in this lawsuit. Also, if plaintiffs lose, they could be responsible for paying court costs and expenses.

### b. *Court Neutrality*

The parties also fail to agree on language that communicates the Court's neutrality. LeBlanc concludes section 2 of his proposed notice, entitled "What is this lawsuit about?" with the following paragraph:

> Halliburton denies Mr. LeBlanc's claims and asserts various defenses. Halliburton contends these workers were properly classified as independent contractors and that they have been and continue to be properly paid under the FLSA. **The Court has not considered or decided the merits of Mr. LeBlanc's claims or Halliburton's defenses.** The Court ordered that this notice be sent to you to inform you of your legal rights and ability to make a claim for unpaid overtime wages. By returning a Consent to Join Wage Claim Form, you can make a claim to recover damages under federal law during the time period August 20, 2015 to the present.

(Doc. 54), ex. C at 2 (emphasis in original). Further, he appends to the penultimate sentence of his proposed notice the following admonition: "[y]ou should **not** contact the Court to discuss this matter as the Court must remain neutral and cannot offer you advice." *Id.*, ex. C at 4 (emphasis in original).

For its part, Halliburton consolidates its statement on the Court's neutrality. In fact, it devotes a section on the final page of its proposed notice, entitled "The Court Takes No Position on the Parties' Claims or Defenses," to the following: "[t]his notice is for the sole purpose of determining the identity of those persons who wish to be involved in this Lawsuit. The Court has not determined whether Mr. LeBlanc or Halliburton is right." (Doc. 55), ex. A at 3.

To promote clarity in the Court-approved notice, the Court ORDERS that LeBlanc modify his proposed notice as follows:

> The end of Section 2 of LeBlanc's proposed notice shall be amended to read:
>
> Halliburton denies Mr. LeBlanc's claims and asserts various defenses. Halliburton contends these workers were properly classified as independent contractors and that they have been and continue to be properly paid under the FLSA.
>
> **This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this Lawsuit. The Court has not yet determined whether Mr. LeBlanc or Halliburton is right.** By returning a Consent to Join Wage Claim Form, you can make a claim to recover damages under federal law during the time period August 20, 2015, to the present.

Any emphasis appearing above shall remain in the final notice.

Additionally, LeBlanc's notice shall be amended, in its final lines, currently appearing as "NOTE" to read as follows:

> You should **NOT** contact the Court to discuss this matter. **This notice has been authorized by the Honorable Kenneth J. Gonzales, the United States District Judge who is presiding over this case.**

Again, any emphasis appearing above shall remain in the final notice.

Revising LeBlanc's proposed notice in these ways will ensure that the final notice more plainly informs the parties both of the Court's neutrality and the pendency of litigation.

6

IT IS THEREFORE ORDERED that

1. LeBlanc's proposed consent form and email form are HEREBY ADOPTED as the Court-approved final consent and email forms in this case. (Doc. 54), ex. C at 5-7.

2. LeBlanc's notice form is also ADOPTED IN PART as the final notice in this case, subject to the modifications detailed above. (Doc. 54), ex. C at 1-4.

3. The parties shall proceed with class notification pursuant to the timeline set forth in the Court's previous Memorandum Opinion and Order of Conditional Certification, dated August 21, 2018. (Doc. 51) at 5-6.

_____
UNITED STATES DISTRICT JUDGE