IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENT LeBLANC, *Individually and
on behalf of all others similarly situated*, et al.,

    Plaintiffs,

vs.                                                  Civ. No. 17-718 KG/GJF

HALLIBURTON ENERGY SERVICES, INC.,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

This matter comes before the Court upon Defendant's Motion to Reconsider and/or Alter or Amend the Court's Order Denying Defendant's Motions to Compel Arbitration, filed on November 29, 2019. (Doc. 125). Plaintiffs filed a response to the Motion to Reconsider on January 10, 2020, and Defendant filed a reply on January 21, 2020. (Docs. 140 and 143). Having considered the Motion to Reconsider, the accompanying briefs, the record of the case, and the relevant law, the Court denies Defendant's Motion to Reconsider.

    I.    *The Court's Jurisdiction and Stay of Proceedings*

This case is brought by thirty-eight Plaintiffs who allege Defendant failed to pay them overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New Mexico Minimum Wage Act, NMSA 1978 § 50-4-19, *et seq.* In the Court's Memorandum Opinion and Order that is the subject of Defendant's Motion to Reconsider, the Court denied Defendant's Motions to Compel Arbitration for the thirty Plaintiffs who signed arbitration agreements with Defendant or a third-party service provider. (Doc. 120). Specifically, the Court found that Defendant took actions inconsistent with its right to arbitrate, substantially invoked

the litigation machinery, and significantly delayed seeking arbitration, so the Court concluded Defendant waived its right to arbitrate Plaintiffs' claims. *Id.* at 7-14.

On December 2, 2019, after filing its Motion to Reconsider, Defendant appealed the Court's Order denying its Motions to Compel Arbitration to the Tenth Circuit Court of Appeals. (Doc. 126). On December 10, 2019, the Honorable Gregory J. Fouratt, the assigned Magistrate Judge, ordered the parties to brief two issues: (1) whether the Court retained jurisdiction to address Defendant's Motion to Reconsider in light of Defendant's appeal; and (2) whether Defendant's appeal resulted in a *de facto* stay of litigation, and, if so, whether the stay applies only to the thirty Plaintiffs implicated in the motions to compel arbitration or to the remaining eight Plaintiffs as well. (Doc. 129). The parties each filed one brief pursuant to that order, in which the parties agree that this Court retains jurisdiction to decide Defendant's Motion to Reconsider and that the case is not stayed as to the eight Plaintiffs who are not subject to the arbitration litigation. (Docs. 132 and 133). However, the parties dispute whether this case should be stayed as to the thirty Plaintiffs who are implicated in the arbitration issue.

The Court first considers whether it has jurisdiction to decide Defendant's Motion to Reconsider. The Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(C). The Tenth Circuit has held that "upon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits." *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005). However, Fed. R. App. P. 4(a)(4)(B)(i) provides that if a party files a notice of appeal before a court disposes of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), then the appeal only becomes effective after the district court decides the motion to alter or amend judgment. Since Defendant's Motion to Reconsider is filed

pursuant to Rule 59(e), Defendant's notice of appeal is not yet effective and the Court retains jurisdiction to rule on the motion. Moreover, on December 17, 2019, the Tenth Circuit notified the parties that Defendant's appeal is abated pending this Court's order on Defendant's Motion to Reconsider. (Doc. 132-1) ("It appears that the motion to reconsider may have been timely filed, which would toll the time to appeal from the order being appealed. … Accordingly, proceedings in this appeal are ABATED. … The notice of appeal will become effective when the district court enters an order deciding the pending motion to reconsider."). Therefore, the Court concludes it has jurisdiction to decide Defendant's Motion to Reconsider.

Next, the Court notes that the parties disagree about whether this case should proceed as to all Plaintiffs or only as to the eight Plaintiffs who are not subject to the arbitration issue that is on appeal. Defendant argues that after its Motion to Reconsider is decided, the Court will be divested of jurisdiction over the claims of the thirty Plaintiffs who are subject to Defendant's Notice of Appeal. (Doc. 132) at 3. Defendant states that if it decides to pursue its appeal after the Court's decides the Motion to Reconsider, it will file a motion to stay this case as to the thirty Plaintiffs who are the subject of the appeal. *Id.* Plaintiffs, however, contend the Court retains jurisdiction over all Plaintiffs' claims because Defendant's appeal is frivolous, and ask the Court to "exercise jurisdiction over all parties and issues and not stay any proceedings." (Doc. 134) at 5.

In the Tenth Circuit, "upon the filing of a non-frivolous § 16(a) appeal," a district court is "automatically and immediately" divested of jurisdiction as to the matters involved in the appeal and does not regain jurisdiction "until the appeal is resolved on the merits." *Hardin v. First Cash Financial Serv., Inc.*, 465 F.3d 470, 474 (10th Cir. 2006); *McCauley*, 413 F.3d at 1160. However, a district court may retain jurisdiction if it takes "the affirmative step, after a hearing,

of certifying the § 16(a) appeal as frivolous or forfeited." *McCauley*, 413 F.3d at 1162. The Tenth Circuit has not specified what constitutes a frivolous appeal for purposes of retaining jurisdiction, however "district courts in the Tenth Circuit have noted that a moving party faces a rather difficult burden to overcome an interlocutory appeal and maintain jurisdiction in the district court, and that an appeal is not frivolous if it is at least colorable." *Coxcom, Inc. v. Egghead Telecom, Inc.*, 2009 WL 4042906, *1 (N.D. Okla.) (quoting *Howards v. Reichle*, 2009 WL 2338086, *2 (D. Colo.)). Nevertheless, the issue of whether Defendant's appeal is frivolous has not been raised in a motion to the Court and, instead, was only raised by Plaintiffs in a brief filed in response to Judge Fouratt's order for additional briefing. Therefore, this issue is not properly before the Court and has not been briefed, so the Court will not consider it. *See, e.g., Howards*, 2009 WL 2338086, *2 (explaining that "a party may successfully thwart an interlocutory appeal's jurisdictional effects by moving to certify the appeal as frivolous").

II.     *Motion to Reconsider*

Defendant argues in its Motion to Reconsider that the Court erred by concluding the arbitration-waiver issue is a question for the Court and that Defendant waived its right to arbitration. (Doc. 125) at 11-19. Plaintiffs respond that Defendant does not satisfy the standards for reconsideration and the Court correctly decided Defendant's Motions to Compel Arbitration. (Doc. 140) at 2-13. In its reply, Defendant maintains the issue of whether arbitration was waived is for the arbitrator to decide, not the Court, and that Defendant did not waive its right to arbitration. (Doc. 143).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005,

4

1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law," but such motions are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* To that end, "[a]bsent extraordinary circumstances, … the basis for the second motion must not have been available at the time the first motion was filed." *Id.*

### A. *Question of Waiver for Court or Arbitrator*

Defendant first argues the Court erred in finding that the issue of whether Defendant waived its right to arbitrate was for the Court to decide because "the parties clearly and unmistakably agreed that the question of arbitrability, and any waiver of the right to arbitrate, was to be decided by the arbitrator." (Doc. 125) at 11. Defendant relies on the United States Supreme Court's decision *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002), the Tenth Circuit's decision *Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1244 (10th Cir. 2018), and the district court case *Evangelical Lutheran Good Samaritan Society v. Moreno*, 277 F. Supp. 3d 1191, 1222 (D.N.M. 2017). *Id.* at 11-12 and (Doc. 143) at 3-5.

Defendant does not rely on an intervening change in the law or evidence that was previously unavailable for this argument. Indeed, Defendant did not cite to *Howsam*, *Dish Network*, or *Evangelical Lutheran* in briefing its Motions to Compel Arbitration, even though these cases were available to Defendant at the time. Therefore, Defendant's argument is an improper attempt to advance arguments that were available at the time of the motion. In addition, none of the cases relied on by Defendant address the specific issue of whether the court or an arbitrator should decide if a party waived its right to arbitrate by its litigation conduct.

5

In *Howsam*, the Supreme Court explained that substantive questions of arbitrability, such as whether parties are bound by an agreement or whether the agreement covers the dispute in question, are gateway issues for courts to decide. 537 U.S. at 84. Conversely, "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator to decide." *Id.* (citations omitted). While the Supreme Court stated that examples of such procedural questions include "allegations of waiver, delay, or a like defense to arbitrability," many circuit courts have held that this language does not encompass the issue of waiver by litigation conduct. For example, the Fifth Circuit explained that *Howsam's* inclusion of "waiver" as an issue for the arbitrator refers to "waiver, delay, or like defenses arising from non-compliance with contractual conditions precedent to arbitration … and not to claims of waiver based on active litigation in court." *Vine v. PLS Fin. Servs., Inc.*, 689 Fed. Appx. 800, 803 (5th Cir. 2017); *see also JPD, Inc. v. Chronimed Holdings, Inc.,* 539 F.3d 388, 394 (6th Cir. 2008) ("*Howsam* did not disturb the traditional rule that the courts presumptively resolve waiver-through-inconsistent-conduct claims."); *Ehleiter v. Grapetree Shores, Inc.,* 482 F.3d 207, 217-18 (3d Cir. 2007) ("The Supreme Court did not intend its pronouncement[] in *Howsam* … to upset the traditional rule that courts, not arbitrators, should decide the question of whether a party has waived its right to arbitrate by actively litigating the case in court."); *Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 14 (1st Cir. 2005) ("[T]he Supreme Court in *Howsam* … did not intend to disturb the traditional rule that waiver by conduct, at least where due to litigation-related activity, is presumptively an issue for the court."); *but see Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.,* 328 F.3d 462, 466 (8th Cir. 2003) (holding question of whether plaintiff waived right to arbitrate by pursuing litigation was for arbitrator).

In addition, neither *Dish Network L.L.C.* nor *Evangelical Lutheran* addressed whether a party waived its right to arbitrate due to its litigation conduct. *See Dish Network L.L.C.*, 900 F.3d at 1242 (concluding issue of whether parties' agreement permitted classwide arbitration was for arbitrator to decide); *Evangelical Lutheran*, 277 F. Supp. 3d at 1222 (concluding parties clearly agreed to arbitrate the question of arbitrability; waiver by litigation conduct not at issue). Moreover, as noted in the Court's Order on Defendant's Motions to Compel Arbitration, other district courts in the Tenth Circuit have specifically found the issue of waiver by litigation conduct is for the court to decide. *See Goldgroup Res., Inc. v. DynaResource De Mexico, S.A. De C.V.*, 381 F. Supp. 3d 1332, 1347-49 (D. Colo. 2019) ("[T]he waiver at issue involves litigation conduct and a court is comparatively more of an expert (than an arbitrator) about what litigation conduct is sufficient to waive a party's right to arbitration…. Therefore, the Court finds the issue of waiver is to be decided by a court."); *Getzelman v. Trustwave Holdings, Inc.*, 2014 WL 3809736, *5 (D. Colo.) ("Waiver often turns on whether a party is attempting to game the system, and courts are most adept at policing procedure-abusing process.… Passing a case from the court to the arbitrator to decide whether the case should be sent back to the court would be exceptionally inefficient, which arbitration is designed to avoid. For these reasons, the Court will decide whether Defendant's conduct constitutes waiver.") (citation omitted); *Blanco v. Sterling Jewelers Inc.*, 2010 WL 466760, at *3-4 (D. Colo.) (finding issue of waiver by litigation conduct is properly for courts to decide); and *Price v. Random House Inc.,* 2009 WL 3415821, *6 (D. Colo.) ("Whether the Plaintiffs, by their litigation conduct, have waived the right to arbitrate is a matter for this court to determine.").

Defendant also argues that the issue of waiver should be submitted to an arbitrator because the thirty Plaintiffs agreed to arbitrate all claims "arising under" or "arising from or

7

relating to" the agreements, and the agreements incorporated the rules of the American Arbitration Association and the Judicial Arbitration and Mediation Services. (Doc. 125) at 11-14; (Doc. 143) at 2-5. The Tenth Circuit has recognized "the fundamental principal that arbitration is a matter of contract," and that, as such, the arbitrability of that contract "is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Romero v. Titlemax of New Mexico, Inc.*, 762 Fed. Appx. 560, 563 (10th Cir. 2019) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) and *Spahr v. Secco*, 330 F.3d 1266, 1269 (10th Cir. 2003)). Here, while the parties have agreed to arbitrate issues relating to the scope, enforceability, and validity of the arbitration agreements, the agreements do not address waiver pursuant to litigation conduct. *See* (Docs. 125-3 and 125-4). Therefore, even assuming the issue of waiver by litigation conduct could be delegated to an arbitrator, the arbitration agreements do not clearly and unmistakably agree to arbitrate that issue. *See Romero*, 762 Fed. Appx. at 563 (finding parties clearly agreed court could decide disputes related to opt-out provision, noting "plain language" of arbitration agreement); *see also Martin v. Yasuda,* 829 F.3d 1118, 1124 (9th Cir. 2016) (holding parties' agreement to arbitrate "scope, enforceability and effect of" arbitration agreement was insufficient to clearly and unmistakably agree to arbitrate waiver by litigation conduct issue); *QPro Inc. v. RTD Quality Servs. USA, Inc.*, 761 F. Supp. 2d 492, 498 n.3 (S.D. Tex. 2011) ("[A] general reference in the arbitration agreement to the AAA rules, without more, does not clearly and unmistakably manifest the parties' intent to refer the issue of waiver by litigation conduct to the arbitrator.") (citation omitted).

Based on the foregoing, neither the United States Supreme Court nor the Tenth Circuit has issued a controlling opinion that waiver by litigation conduct is a question for the arbitrator instead of the courts, and the parties have not clearly agreed to arbitrate this issue. Accordingly,

Defendant has not shown the Court misapprehended the facts, Defendant's position, or controlling law, and the Court declines to reconsider its conclusion that the Court is best suited to decide whether Defendant's litigation conduct constitutes waiver of its agreement to arbitrate.

### B. *Waiver of Right to Arbitrate*

Next, Defendant asks the Court to reconsider its finding that Defendant waived its right to arbitrate by its litigation conduct. Defendant argues the timeline of this case demonstrates it did not engage in substantial litigation or improperly manipulate the judicial process. Specifically, Defendant states: (1) it did not substantially invoke the litigation process between July 2017 and April 2018; (2) from April 24, 2018, to October 26, 2018, limited discovery proceeded only as to two of the thirty Plaintiffs; (3) beginning in October 2018, Defendant first obtained knowledge of the claims of twenty-eight of the thirty Plaintiffs; and (4) the parties discussed arbitration between January 28, 2019, and March 29, 2019. (Doc. 125) at 7-10. Defendant further notes the parties have not retained expert witnesses and Defendant has not filed any dispositive motions. *Id.* at 14-16. Finally, Defendant asserts the cases the Court relied on are distinguishable, the Court gave too much weight to the fact that Defendant did not file its Motions to Compel Arbitration until after the close of the opt-in period, and Plaintiffs have not been prejudiced by the delay. *Id.* at 16-18.

Again, Defendant points to no intervening change in the controlling law or evidence that was previously unavailable for this argument. To the extent Defendant argues the Court misapprehended the facts, Defendant's position, or the controlling law as to Defendant's litigation conduct, Defendant does not present any information that the Court did not consider in denying the Motions to Compel Arbitration. Indeed, in determining whether Defendant waived its right to enforce arbitration, the Court analyzed the six factors from *Peterson v.*

9

*Shearson/American Express, Inc.*, 849 F.2d 464, 467-68 (10th Cir. 1988), and found that Defendant could have moved to compel arbitration of individual Plaintiffs as they opted in, prior to the end of the opt-in period in January 2019. (Doc. 120) at 7-10. The Court was well aware of the timeline of this case and the actions taken by Defendant, including failing to seek to enforce arbitration until close to two years after it answered Plaintiffs' Complaint, during which time Defendant filed initial disclosures, served and responded to discovery requests, submitted multiple discovery plans and joint status reports to the Court, opposed Plaintiffs' discovery motions, conducted depositions, and opposed Plaintiffs' Motion for Conditional Certification. In addition, the Court has held multiple scheduling conferences, motion hearings, status conferences, and a hearing on Plaintiff's Motion for Conditional Certification. As explained, even after many of the Plaintiffs opted into this case from October 2018 to January 2019, Defendant continued to take actions inconsistent with its right to seek arbitration, such as opposing a discovery motion, filing status reports and joint discovery plans, and participating in scheduling and status conferences. *Id.*

For these reasons, the Court finds that Defendant has not shown the Court misapprehended the facts, Defendant's position, or controlling law regarding its finding that Defendant took actions inconsistent with its right to arbitrate, substantially invoked the litigation machinery, and significantly delayed seeking arbitration, and that these actions prejudiced Plaintiffs. Therefore, the Court declines to reconsider its conclusion that Defendant waived its right to arbitrate through its litigation conduct.

   III. *Conclusion*

Based on the foregoing, Defendant did not provide newly discovered evidence or notice of any intervening change in the law. Additionally, Defendant fails to convince this Court that

clear error or manifest injustice must be corrected or that the court has misapprehended the facts, Defendant's position, or controlling law. Accordingly, the Court finds Defendant has not shown that extraordinary circumstances justify reconsideration of the Court's Order denying Defendant's Motions to Compel Arbitration.

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider (Doc. 125), is DENIED.

_____
UNITED STATES DISTRICT JUDGE