IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENT LeBLANC, *Individually and*
*on behalf of all others similarly situated*, et al.,

    Plaintiffs,

vs.                                                                                            Civ. No. 17-718 KG/GJF

HALLIBURTON ENERGY SERVICES, INC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Stay Pending Appeal, filed March 26, 2020. (Doc. 161). Plaintiffs filed a response on April 9, 2020, and Defendant filed a reply on April 23, 2020. (Docs. 162 and 164). This matter also comes before the Court on Plaintiffs' Motion to Certify Appeal as Frivolous, filed April 9, 2020. (Doc. 163). Defendant filed a response on April 23, 2020, and Plaintiffs filed a reply on May 7, 2020. (Docs. 166 and 167). Having considered the Motions, the accompanying briefs, the record of the case, and the relevant law, the Court denies Plaintiffs' Motion to Certify Appeal as Frivolous and grants in part Defendant's Motion to Stay Pending Appeal.

    I.    *Background*

This case is brought by thirty-eight Plaintiffs who allege Defendant failed to pay them overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New Mexico Minimum Wage Act, NMSA 1978 § 50-4-19, *et seq.* On November 1, 2019, the Court denied Defendant's Motions to Compel Arbitration for the thirty Plaintiffs who signed arbitration agreements with Defendant or a third-party service provider. (Doc. 120) (denying Docs. 103 and 104). Specifically, the Court concluded that Defendant waived its right to arbitrate Plaintiffs'

claims by engaging in substantial litigation practice in this Court and delaying seeking arbitration. *Id.* at 7-14. On December 2, 2019, Defendant appealed the Court's Order to the Tenth Circuit Court of Appeals. (Doc. 126). On March 17, 2020, the Court denied Defendant's motion to reconsider the Court's Order denying Defendant's motions to compel arbitration. (Doc. 156) (denying Doc. 125).

In the instant Motions, the parties disagree about whether this case should proceed while the appeal is pending with the Tenth Circuit. Defendant argues the Court is divested of jurisdiction over the claims of the thirty Plaintiffs who are subject to Defendant's Notice of Appeal because the appeal is not frivolous. (Doc. 161) at 2-3; (Doc. 166). Defendant additionally argues this case should be stayed as to the eight Plaintiffs who are not subject to the appeal because it would be inefficient to redo briefing and discovery if the appellate court affirms the Court's decision and the thirty Plaintiffs are once again part of the case. (Doc. 161) at 3-6.

Plaintiffs, however, urge the Court to certify the appeal as frivolous and allow the case to proceed as to all thirty-eight Plaintiffs while the appeal is pending. (Doc. 162) at 3-7; (Doc. 163). In the alternative, Plaintiffs argue the Court should decline to impose a stay as to the eight Plaintiffs who are not subject to the appeal. (Doc. 162) at 7-12. Plaintiffs state they should not be penalized because Defendant pursued arbitration in a piecemeal fashion, and Plaintiffs argue the eight Plaintiffs who are not subject to the appeal would be harmed by any further delays. *Id.*

II.     *Discussion*

1. *The Appeal is Not Frivolous*

The Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(C). The Tenth Circuit has held

that "upon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits." *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *see also Hardin v. First Cash Financial Serv., Inc.*, 465 F.3d 470, 474 (10th Cir. 2006). However, a district court may retain jurisdiction if it takes "the affirmative step" of certifying the appeal as frivolous. *McCauley*, 413 F.3d at 1162. The Tenth Circuit has not specified what constitutes a frivolous appeal for purposes of retaining jurisdiction, however "district courts in the Tenth Circuit have noted that a moving party faces a rather difficult burden to overcome an interlocutory appeal and maintain jurisdiction in the district court, and that an appeal is not frivolous if it is at least colorable." *Coxcom, Inc. v. Egghead Telecom, Inc.*, 2009 WL 4042906, *1 (N.D. Okla.) (quoting *Howards v. Reichle*, 2009 WL 2338086, *2 (D. Colo.)).

Defendant raises two issues on appeal: (1) whether the Court erred in finding the Court, not an arbitrator, shall decide whether Defendant's litigation conduct constitutes waiver of its right arbitrate; and (2) whether Defendant's actions constitute waiver of its right to arbitrate. (Doc. 164) at 3. In concluding the Court is better suited to decide the issue of litigation-conduct waiver of arbitrability, the Court noted that "[t]he Tenth Circuit has not issued a controlling decision" on this issue. (Doc. 120) at 6; *see also* (Doc. 156) at 8 ("[N]either the United States Supreme Court nor the Tenth Circuit has issued a controlling opinion that waiver by litigation conduct is a question for the arbitrator, instead of the courts, and the parties have not clearly agreed to arbitrate this issue."). Similarly, the Court's conclusion that Defendant's conduct constitutes waiver of its right to arbitrate is based on its assessment of the six factors set forth in *Peterson v. Shearson/American Express, Inc.*, which are to be used as a "guide" for courts to determine waiver, and are not applied "mechanically." 849 F.2d 464, 467-68 (10th Cir. 1988);

*see also Hill v. Ricoh Am. Corp.*, 603 F.3d 766, 773 (10th Cir. 2010) ("[T]hese factors reflect certain principles that should guide courts in determining whether it is appropriate to deem that a party has waived its right to demand arbitration."). Therefore, the Court concludes that Defendant's appeal is "at least colorable" and the Court will not certify the appeal as frivolous. Accordingly, the Court does not have jurisdiction over the claims of the thirty Plaintiffs subject to the appeal.

    *2. The Court Declines to Stay Case as to Eight Plaintiffs Not Subject to Appeal*

Having concluded that Defendant's appeal is not frivolous, the Court must next determine whether to stay the case as to the eight Plaintiffs who are not subject to the appeal. The Court considers the following four factors when considering a motion to stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

First, for the reasons set forth in the Court's Order denying Defendant's motions to compel arbitration, and the Court's Order denying Defendant's motion to reconsider, (Docs. 120, 156), the Court does not find Defendant has made a strong showing it is likely to succeed on the merits on appeal. As explained in those orders, other district courts in the Tenth Circuit have found the issue of waiver by litigation conduct is for courts to decide unless the parties have clearly agreed to arbitrate that issue, which the parties here have not. *See* (Doc. 156) at 8 ("[E]ven assuming the issue of waiver by litigation conduct could be delegated to an arbitrator, the arbitration agreements do not clearly and unmistakably agree to arbitrate that issue."). In

addition, with regard to Defendant's litigation conduct, the Court found Defendant "took actions inconsistent with its right to arbitrate, substantially invoked the litigation machinery, and significantly delayed seeking arbitration." (Doc. 120) at 14.  Specifically, the Court noted that Defendant failed to seek to enforce arbitration until close to two years after it answered Plaintiffs' Complaint, during which time Defendant filed initial disclosures, served and responded to discovery requests, submitted multiple discovery plans and joint status reports to the Court, opposed Plaintiffs' discovery motions, conducted depositions, and opposed Plaintiffs' Motion for Conditional Certification.  *Id.* at 7-10; (Doc. 156) at 8.  Consequently, while the appeal is at least "colorable," Defendant has not made a strong enough showing that it is likely to succeed on the merits of its appeal.

Next, Defendant argues it would be burdened if it has to redo discovery and motion practice if the Tenth Circuit affirms the Court's Order and the thirty Plaintiffs return to this case.  (Doc. 161) at 4-5.  Nevertheless, while this may be inconvenient for Defendant, it does not constitute an irreparable injury.  For example, Defendant will need to provide discovery regarding the thirty Plaintiffs whether in this proceeding if the Tenth Circuit affirms the Court's Order, or in arbitration proceedings if the Court's Order is reversed.  The Court acknowledges that allowing the eight Plaintiffs' claims to proceed now may be inefficient as far as maintaining different procedural timelines for the two sets of Plaintiffs.  However, these concerns are not substantial enough to weigh in favor of staying the case as to the eight Plaintiffs.  Instead, the Court agrees with Plaintiffs that, "[i]f the appeal is denied and the 30 plaintiffs are sent back to the district court, the parties and the Court can decide at that time what the appropriate course of action should be." (Doc. 162) at 9.

In contrast, the Court concludes that issuing a stay for the eight Plaintiffs would substantially harm them by further delaying their access to records and risking loss of information by witnesses asked to recall events and communications from years earlier. Moreover, the public interest weighs against a stay as the public has an interest in speedy resolution of judicial matters and the eight Plaintiffs' claims will proceed in this Court regardless of the outcome of the appeal. *See Bigelow v. Gynecare, Inc.*, 2010 WL 2861358, at *2 (D. Colo.) (finding public interest factor weighed against stay because discovery at issue "will be necessary no matter where the case ultimately comes to rest"). Therefore, the four factors weigh in favor of allowing the case to proceed as to the eight Plaintiffs who are not subject to Defendant's appeal.

### III. Conclusion

For the reasons stated above, the Court concludes that Defendant's appeal is not frivolous and declines to stay the case as to the eight Plaintiffs who are not subject to the appeal.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Certify Appeal as Frivolous is denied.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Pending Appeal is granted in part as to the thirty Plaintiffs who are subject to the appeal. This case shall proceed as to the eight Plaintiffs who are not subject to the appeal.

_____
UNITED STATES DISTRICT JUDGE